**WINDELS MARX LANE & MITTENDORF, LLP**
Rodman E. Honecker, Esq. (rhonecker@windelsmarx.com)
Eva K. Carey, Esq. (ecarey@windelsmarx.com)
120 Albany Street Plaza
New Brunswick, New Jersey 08901
Telephone (732) 846-7600
Facsimile (732) 846-8877
*Attorneys for Plaintiff Angry Crab Shack Corporation*

**BERGIN, FRAKES, SMALLEY & OBERHOLTZER, PLLC**
Donna H. Catalfio (*pro hac vice* forthcoming)
4455 East Camelback Road, Suite A-205
Phoenix, Arizona 85018
Tel:  (602) 888-7869
Fax:  (602) 888-7865
dcatalfio@bfsolaw.com
*Attorneys for Plaintiff Angry Crab Shack Corporation*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ANGRY CRAB SHACK CORPORATION, an Arizona corporation;<br><br>                         Plaintiff,<br><br>vs.<br><br>MICHAEL PONTE, an individual, and CHRIS CURADO, an individual;<br><br>                         Defendants. | Civil Action No._____<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Angry Crab Shack Corporation ("Angry Crab Shack") brings this action against Defendants, Michael Ponte ("Ponte") and Chris Curado ("Curado") (collectively, "Defendants"), seeking relief for Defendants' trademark infringement, false designation of origin, and unfair competition in violation of the Lanham Act.  In support of its claims, Angry Crab Shack alleges as follows:

## THE PARTIES

1. Plaintiff Angry Crab Shack is an Arizona corporation having its principal place of business at 2740 S. Alma School Road, Mesa, Arizona 85210.

2. Upon information and belief, Michael Ponte is an individual residing in Jersey City, New Jersey.

3. Upon information and belief, Chris Curado is an individual residing in Jersey City, New Jersey.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, 1338(a) and 1338(b) because the action involves one or more federal questions, including causes of action under the Lanham Act. This Court also has subject matter jurisdiction over the common law claims pursuant to 28 U.S.C. § 1367.

5. This Court has personal jurisdiction over Defendants because Defendants reside and operate a business under an infringing trademark or service mark in New Jersey.

6. Venue is proper in the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(1).

## ALLEGATIONS COMMON TO ALL COUNTS

### Plaintiff's ANGRY CRAB SHACK Marks and Logos

7. Angry Crab Shack was formed in the State of Arizona on or about August 20, 2013.

8. Angry Crab Shack adopted and used a family of inherently-distinctive ANGRY CRAB SHACK marks and logos to identify its casual Cajun-themed seafood restaurants.

9. The ANGRY CRAB SHACK logos are depicted below:

 

10. Angry Crab Shack currently owns and operates six Cajun-themed seafood restaurants throughout the greater metropolitan Phoenix area under the ANGRY CRAB SHACK marks and logos.

11. Angry Crab Shack has continuously used the distinctive ANGRY CRAB SHACK family of marks and logos since at least as early as 2013.

12. Angry Crab Shack has spent significant sums to advertise and promote the ANGRY CRAB SHACK family of marks and related logos in print and broadcast media, social media, as well as on the Internet through its website, which is accessible throughout the United States and around the world at www.angrycrabshack.com.

13. The ANGRY CRAB SHACK restaurants have received rave reviews online on sites such as Yelp, in addition to receiving recognition as the "Best Seafood" restaurant in Phoenix from Phoenix New Times for 2014 and 2016, as well as other distinctions.

14. Based upon its extensive use and promotion of the ANGRY CRAB SHACK family of marks and logos, and the significant goodwill associated therewith, Angry Crab Shack owns the exclusive right to use the ANGRY CRAB SHACK marks and logos in connection with restaurants.

15.     On March 9, 2015, Plaintiff filed applications with the United States Patent and Trademark Office (the "USPTO") to federally register both of the logos depicted above and for the word mark ANGRY CRAB SHACK (Serial Nos. 86558226, 86558214, and 86558203).

16.     On January, 12, 2016 the USPTO issued federal registrations for the two logos, and on March 8, 2016 it issued a federal registration for the ANGRY CRAB SHACK word mark.  Copies of the Certificates of Registration are attached hereto as **Exhibit 1.**

17.     Pursuant to the Lanham Act, 15 U.S.C. § 1057(c), Angry Crab Shack's trademark rights extend "nationwide" as of the March 9, 2015 filing date of the applications from which each mark issued.

18.     In addition to operating its own ANGRY CRAB SHACK restaurants in the greater Phoenix metropolitan area, Angry Crab Shack is franchising its ANGRY CRAB SHACK restaurants across the United States and Canada.

19.     Angry Crab Shack's ability to enter the New Jersey market and to sell an ANGRY CRAB SHACK franchise is severely hampered, if not prevented entirely, by the fact that Defendants are operating a competing food service business under a virtually identical mark.

### Defendants' Acts of Willful Infringement

20.     The Defendants launched a food truck business under the mark THE ANGRY CRAB on August 13, 2015, over five months _after_ the date on which Angry Crab Shack acquired nationwide rights in the ANGRY CRAB SHACK marks and logos.

21.     The mark THE ANGRY CRAB is confusingly similar, and virtually identical, to the ANGRY CRAB SHACK family of marks.

22. Additionally, Defendant is using the following logo in connection with its food truck services:



(hereinafter, the "THE ANGRY CRAB Logo").

23. Defendants' THE ANGRY CRAB Logo is confusingly similar to Angry Crab Shack's logo.

24. Defendants use the infringing domain name www.theangrycrabnj.com to reach the website that advertises their food services.

25. Defendants use the infringing marks THE ANGRY CRAB and THE ANGRY CRAB NJ on various social media sites to advertise their food services.

26. Angry Crab Shack's use of the ANGRY CRAB SHACK family of marks and logos substantially pre-dates Defendants use of THE ANGRY CRAB Logo and marks.

27. On February 29, 2016, Angry Crab Shack sent Defendants a letter notifying Defendants of Angry Crab Shack's trademark rights and Defendants' infringement thereof, and requesting that Defendants promptly cease such infringement.

28. Defendants did not respond to this letter and continued to willfully and knowingly infringe upon Angry Crab Shack's trademark rights.

29.  By letter dated August 30, 2016, Angry Crab Shack sent Defendants follow up correspondence regarding Defendants' lack of response and advising that Angry Crab Shack was serious about enforcing its trademark rights.

30.  Thereafter, Defendants changed their mark to substitute the term "ARCHIE'S" for "CRAB." Otherwise the logo remains the same, as follows:



(hereinafter, the "ANGRY ARCHIE'S Logo").

31.  The ANGRY ARCHIE'S Logo continues to infringe upon Angry Crab Shack's rights in the ANGRY CRAB SHACK marks and logos. No changes were made to the design of the crab, which remains substantially similar to the design of Angry Crab Shack's logo. Furthermore, ANGRY ARCHIE'S is still confusingly similar to ANGRY CRAB SHACK when used with a similar logo and/or on competing goods and services.

32.  The ANGRY ARCHIE'S mark still begins with the distinctive term "ANGRY." It is well established that when comparing marks more emphasis is given to the first term in the mark. This is because consumers are generally more inclined to focus on the first word in any trademark or service mark. *See Palm Bay Imps., Inc. v. Veuve Clicquot Ponsardin Maison Fondee En 1772,* 396 F.3d 1369, 1372 (Fed. Cir. 2005); *Presto Prods., Inc. v. Nice-Pak Prods., Inc.,* 9 USPQ2d 1895, 1897 (TTAB 1988) ("it is often the first part of a mark which is most

likely to be impressed upon the mind of a purchaser and remembered" when making purchasing decisions).

33. Moreover, Defendants still use the infringing mark THE ANGRY CRAB in numerous ways, including but not limited to, the following examples: (i) Defendants still use www.theangrycrabnj.com by automatically forwarding this domain to its website at www.angryarchies.com and by advertising the infringing domain on various social media sites and other advertising; (ii) Defendants use the mark THE ANGRY CRAB and handle "@theAngryCrabNJ" on Twitter; and (iii) Defendants use the mark THE ANGRY CRAB and handle "@TheAngryCrabNJ" on Facebook.

34. Defendants have harmed, and will continue to harm, the goodwill enjoyed by Angry Crab Shack among consumers by creating a false association between the genuine products and services provided by Angry Crab Shack and those associated with the Defendants.

35. Defendants are not associated with Angry Crab Shack and are not authorized to use Angry Crab Shack's marks or logos, or to profit from the goodwill Angry Crab Shack has generated in the same.

36. Defendants' continued use of infringing marks and logos has been deliberate and intentional as last as early as February 2016 when Angry Crab Shack gave Defendants direct notice of Angry Crab Shack's trademark rights.

37. Despite repeated efforts by Angry Crab Shack to avoid the need for litigation, Defendants refuse to voluntarily cease their willful infringement of the ANGRY CRAB SHACK marks and logos.

38. Defendants' acts as described herein have caused and will continue to cause Angry Crab Shack irreparable harm for which it has not adequate remedy at law.

## COUNT I
### Trademark Infringement, Unfair Competition and False Designation of Origin
### (15 U.S.C. § 1125(a))

40. Angry Crab Shack realleges and incorporates by reference each paragraph above as if fully set forth herein.

41. Angry Crab Shack has spent substantial sums to promote, and has generated substantial revenue and recognition from, its ANGRY CRAB SHACK restaurants and the related marks and logos, which are inherently distinctive.

42. The distinctive ANGRY CRAB SHACK marks and logos have become impressed upon the minds of the trade and public as identifying Angry Crab Shack's products and services, who understand them to indicate the source of origin of such products and services provided in association with the ANGRY CRAB SHACK restaurants owned and operated by Angry Crab Shack.

43. Angry Crab Shack has developed a large and valuable business through its use of the ANGRY CRAB SHACK marks and logos, and the reputation and goodwill in those marks is of great value to Angry Crab Shack.

44. Defendants have used in commerce marks and logos which are confusingly similar to the ANGRY CRAB SHACK marks and logos, despite its having notice of Angry Crab Shack's prior rights in and to the marks and logos.

45. Defendants' conduct constitutes trademark infringement, false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

46. As a result of Defendants' willful and intentional actions, Angry Crab Shack incurred attorneys' fees and expenses, which it is entitled to recover.

47.     As a result of Defendants' willful and intentional actions, Angry Crab Shack has been damaged in an amount to be proven at trial.

48.     Defendants have caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage and injury to Angry Crab Shack.

49.     Angry Crab Shack has no adequate remedy at law.

## COUNT II
### Trademark Infringement, Federally Registered Mark
### (15 U.S.C. § 1114)

50.     Angry Crab Shack realleges and incorporates by reference each paragraph above as if fully set forth herein.

51.     Angry Crab Shack owns federal registrations for the ANGRY CRAB SHACK marks and logos.

52.     By virtue of these registrations, Angry Crab Shack acquired the exclusive, nationwide right to use the ANGRY CRAB SHACK marks and logos in connection with restaurant and related services on March 9, 2015.

53.     Well after Angry Crab Shack secured its nationwide rights, Defendants began using colorable imitations of Angry Crab Shack's federally registered marks, as detailed above, in connection with competing food services in the form of a food truck in a manner likely to cause confusion.

54.     Defendants continue to use these infringing marks despite having received actual notice of ACS's exclusive trademark rights as early as February 29, 2016.

55.     Defendants' conduct constitutes trademark infringement of a federally registered mark, false designation of origin, and unfair competition in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

56. As a result of Defendants' willful and intentional actions, Angry Crab Shack incurred attorneys' fees and expenses, which it is entitled to recover.

57. As a result of Defendants' willful and intentional actions, Angry Crab Shack has been damaged in an amount to be proven at trial.

58. Defendants have caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage and injury to Angry Crab Shack.

59. Angry Crab Shack has no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Angry Crab Shack urges the Court to enter judgement against Defendants and in Angry Crab Shack's favor on all of the claims set forth above, and to grant the following relief:

(a) Preliminarily and/or permanently enjoining Defendants and their agents, representatives, servants, employees, attorneys, officers, directors, shareholders, licensees, affiliates, joint venturers, parents, subsidiaries, related corporations and companies, and all others in privity or acting in concert with them, from:

  i. imitating, copying, duplicating or otherwise making any use of the ANGRY CRAB SHACK marks and logos or any mark confusingly similar to Plaintiff's marks and logos;

  ii. manufacturing, producing, distributing, circulating, selling or otherwise disposing of any product or material which bears any copy or colorable imitation of the ANGRY CRAB SHACK marks;

  iii. using any false designation of origin or false description which can or is likely to lead the trade or public, or individual members thereof, to mistakenly believe that any

product or service advertised, promoted, offered or sold by Defendants is sponsored, endorsed, connected with, approved or authorized by Angry Crab Shack;

        iv.    causing likelihood of confusion or injury to Angry Crab Shack's business reputation and to the distinctiveness of the ANGRY CRAB SHACK marks and logos by unauthorized use of the same marks or confusingly similar marks;

        v.    operating any website or social media presence associated with, using, or linking to any domain name, social media identification, or trademark or service mark that is confusingly similar to the ANGRY CRAB SHACK marks;

        vi.    engaging in any other activity constituting unfair competition or infringement of the ANGRY CRAB SHACK marks or logos; or

        vii.    assisting, aiding or abetting another person or business entity in engaging in or performing any of the activities enumerated in subparagraphs (i) through (vi) above.

(b)    Awarding to Angry Crab Shack the Defendants' profits, damages sustained by Angry Crab Shack, and the costs of this action and treble damages pursuant to 15 U.S.C. § 1117(a);

(c)    Finding that Defendant's violation of 15 U.S.C. § 1125(a) and § 1114 was and is willful and that this is an exceptional case pursuant to 15 U.S.C. § 1117(a);

(d)    Awarding to Angry Crab Shack its attorneys' fees and costs and expenses of litigation, pursuant to 15 U.S.C. §§ 1117(a);

(e)    Awarding pre- and post-judgment interest, on all applicable amounts, calculated at the maximum rate allowed by law; and

(f)    Such other and further relief as the Court may deem just, proper and equitable under the circumstances.

## JURY DEMAND

Angry Crab Shack demands trial by jury on all claims so triable.

                                                        ANGRY CRAB SHACK CORPORATION

Date:  January 25, 2017                     By:   *s/ Rodman E. Honecker*
                                                          Rodman E. Honecker, Esq.
                                                          Eva K. Carey, Esq.
                                                          120 Albany Street Plaza
                                                          New Brunswick, New Jersey 08901
                                                          Telephone (732) 846-7600
                                                          Facsimile (732) 846-8877
                                                          rhonecker@windelsmarx.com
                                                          ecarey@windelsmarx.com

## CERTIFICATION PURSUANT TO L.CIV.R. 11.2

The undersigned certifies and declares that the matter in controversy is not the subject of any other action pending in any other court, or of any pending arbitration or administrative proceeding.

                                                    By:   *s/ Rodman E. Honecker*
                                                          Rodman E. Honecker, Esq.
                                                          Eva K. Carey, Esq.
                                                          120 Albany Street Plaza
                                                          New Brunswick, New Jersey 08901
                                                          Telephone (732) 846-7600
                                                          Facsimile (732) 846-8877
                                                          rhonecker@windelsmarx.com
                                                          ecarey@windelsmarx.com

Date:  January 25, 2017

# EXHIBIT 1

# United States of America
## United States Patent and Trademark Office



**Reg. No. 4,884,450**  ANGRY CRAB SHACK CORPORATION (ARIZONA CORPORATION), AKA ANGRY CRAB SHACK & BBQ
**Registered Jan. 12, 2016**  2740 S ALMA SCHOOL ROAD
MESA, AZ 85210
**Int. Cl.: 43**

FOR: RESTAURANT, IN CLASS 43 (U.S. CLS. 100 AND 101).

**SERVICE MARK**  FIRST USE 10-22-2014; IN COMMERCE 10-22-2014.

**PRINCIPAL REGISTER**  NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "CRAB SHACK & BBQ", APART FROM THE MARK AS SHOWN.

THE MARK CONSISTS OF THE LITERAL ELEMENT "ANGRY CRAB" ABOVE AN ARTISTIC RENDERING OF A CRAB WITH A PATCH ON ITS LEFT EYE HOLDING A TRIDENT IN ITS RIGHT CLAW, TO THE IMMEDIATE LEFT OF AN ARTISTIC RENDERING OF A PIG WEARING A CHEF'S HAT, SHIRT, AND NECKERCHIEF, BOTH OF WHICH ARE PLACED ON TOP OF AN ARTISTIC RENDERING OF A WOODEN PLANK BEARING THE LITERAL ELEMENT "SHACK & BBQ".

SER. NO. 86-558,226, FILED 3-9-2015.

JENNIFER RICHARDSON, EXAMINING ATTORNEY



*Michelle K. Lee*
Director of the United States
Patent and Trademark Office

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years***
**What and When to File:**

> *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.
>
> *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE: A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic Application System (TEAS) Correspondence Address and Change of Owner Address Forms available at** http://www.uspto.gov.

# United States of America
## United States Patent and Trademark Office



| | |
|---|---|
| **Reg. No. 4,884,449** | ANGRY CRAB SHACK CORPORATION (ARIZONA CORPORATION), AKA ANGRY CRAB SHACK & BBQ |
| **Registered Jan. 12, 2016** | 2740 S ALMA SCHOOL ROAD<br>MESA, AZ 85210 |
| **Int. Cl.: 43** | |
| | FOR: RESTAURANT, IN CLASS 43 (U.S. CLS. 100 AND 101). |
| **SERVICE MARK** | FIRST USE 11-22-2013; IN COMMERCE 11-22-2013. |
| **PRINCIPAL REGISTER** | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "CRAB SHACK", APART FROM THE MARK AS SHOWN. |
| | THE MARK CONSISTS OF THE LITERAL ELEMENT "ANGRY" ABOVE AN ARTISTIC RENDERING OF A CRAB WITH AN EYE PATCH COVERING ITS LEFT EYE AND HOLDING A TRIDENT IN ITS RIGHT CLAW, SUCH CRAB RESTING UPON AN ARTISTIC RENDERING OF A WOOD PLANK CONTAINING THE LITERAL ELEMENT "CRAB SHACK". |
| | SER. NO. 86-558,203, FILED 3-9-2015. |
| | JENNIFER RICHARDSON, EXAMINING ATTORNEY |



Director of the United States
Patent and Trademark Office

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years***
**What and When to File:**

>   *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.
>
>   *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.*
>   *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

>   You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

***ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE: A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic Application System (TEAS) Correspondence Address and Change of Owner Address Forms available at** http://www.uspto.gov.

Page: 2 / RN # 4,884,449

# United States of America
## United States Patent and Trademark Office

# Angry Crab Shack

**Reg. No. 4,912,382**  
**Registered Mar. 8, 2016**  
**Int. Cl.: 43**

**SERVICE MARK**

**PRINCIPAL REGISTER**

ANGRY CRAB SHACK CORPORATION (ARIZONA CORPORATION), AKA ANGRY CRAB SHACK & BBQ
2740 S ALMA SCHOOL ROAD
MESA, AZ 85210

FOR: RESTAURANT, IN CLASS 43 (U.S. CLS. 100 AND 101).

FIRST USE 11-22-2013; IN COMMERCE 11-22-2013.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "CRAB SHACK", APART FROM THE MARK AS SHOWN.

SER. NO. 86-558,214, FILED 3-9-2015.

BRIN ANDERSON, EXAMINING ATTORNEY



Director of the United States
Patent and Trademark Office

> **REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**
>
> **WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

**Requirements in the First Ten Years***
**What and When to File:**

> *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.
>
> *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

***ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE: A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic Application System (TEAS) Correspondence Address and Change of Owner Address Forms available at** http://www.uspto.gov.